MARK STEGER SMITH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4667
Fax: (406) 657-6058
Email: Mark.Smith3@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

RANDY J. TANNER
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
101 E Front Street, Suite 401
Missoula, MT 59802
Phone: (406) 329-4268
FAX: (406) 542-1476
Email: randy.tanner@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| THE NORTHERN CHEYENNE TRIBE,<br><br>            Plaintiff,<br><br>   vs.<br><br>THE UNITED STATES OF AMERICA; the UNITED STATES DEPARTMENT OF THE INTERIOR; the BUREAU OF INDIAN AFFAIRS; DEBRA HAALAND; in her official capacity as Secretary of the Interior; BRYAN NEWLAND, in his official capacity as Assistant Secretary of the Interior–Indian Affairs; and STEVEN JUNEAU, in his official capacity as Director, Bureau of Indian Affairs–Office of Justice Services,[1]<br><br>            Defendants. | CV 22-75-BLG-SPW-TJC<br><br><br>**ANSWER** |

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Richard Melville, Deputy Bureau Director – Office of Justice Services, Bureau of Indian Affairs, is substituted for former Acting Deputy Bureau Director, Steven Juneau.

1

Defendants submit the following Answer to the Complaint.  Defendants specifically deny each and every allegation of the Complaint that is not otherwise expressly admitted, qualified, or denied in this Answer.  The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint.  The headings from the Complaint are included for convenience and are not part of Defendants' Answer.  To the extent that the headings from the Complaint make substantive allegations, Defendants deny those allegations.

<u>INTRODUCTION</u>

1.      Paragraph 1 consists of Plaintiff's characterization of this lawsuit. Defendants admit the paragraph generally portrays Plaintiff's claim accurately, but deny there is any basis for the lawsuit, or that Plaintiff is entitled to any relief. Specifically in response to the second sentence, Defendants deny any breach of duties owed to the Tribe.

2.      Defendants deny the allegations in Paragraph 2.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants admit the Tribe made requests and demands in the last few years concerning law enforcement.  Defendants admit that Plaintiff sent a letter to the Assistant Secretary – Indian Affairs dated May 10, 2022, requesting action with respect to law enforcement on the Northern Cheyenne Reservation.

Plaintiff's May 10, 2022 letter speaks for itself and is the best evidence of its

contents.  Defendants deny the remaining allegations in Paragraph 4.

PARTIES

5.      Defendants admit Paragraph 5.

6.      The allegation in Paragraph 6 constitutes Plaintiff's characterization

of this lawsuit to which no response is required.  To the extent a response is

required, Defendants deny Paragraph 6 for lack of knowledge of Plaintiff's intent

or authority.

7.      Defendants admit that the United States acts as Plaintiff's trustee in

certain regards.  Defendants further admit that the United States carries out certain

trust duties defined by treaty, statute, and regulation through the Secretary of the

Interior, Assistant Secretary – Indian Affairs, and Bureau of Indian Affairs (BIA).

Secretarial Order 3335 (Aug. 20, 2014) speaks for itself and is the best evidence of

its contents.  The remaining allegations in Paragraph 7 constitute legal conclusions

to which no response is required.  To the extent a further response is required,

Defendants deny the allegations in Paragraph 7 constitute a complete or accurate

statement of the law.

8.      Defendants admit that Department of Interior (DOI) is an executive

department of the United States and that BIA is a "subsidiary" agency within DOI.

3

5 U.S.C. § 101, as amended, and 43 U.S.C. § 1457(10) speak for themselves and are the best evidence of their contents.

9.    Defendants admit the allegations in Paragraph 9.

10.    Defendants admit the first sentence of paragraph 10.  43 U.S.C. § 1451 and 25 U.S.C. § 13 speak for themselves and are the best evidence of their contents.  The remaining allegations in Paragraph 10 constitute Plaintiff's characterization of this lawsuit and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 10 constitute a complete or accurate statement of the law.

11.    Defendants admit the first sentence of Paragraph 11.  43 U.S.C. § 1453 speaks for itself and is the best evidence of its contents.  Defendants admit the third sentence of paragraph 11.  The remaining allegations in Paragraph 11 constitute Plaintiff's characterization of this lawsuit and legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 11 constitute a complete or accurate statement of the law.

12.    Defendants deny the first sentence of Paragraph 12.  Defendants admit the Office of Justice Services (OJS) Deputy Bureau Director is the highest official with exclusive oversight of BIA law enforcement.  Indian Affairs Manual, Chapter

5, Part 3, speaks for itself and is the best evidence of its contents.  Defendants

admit that as of August 31, 2023, DOI's webpage for OJS,

https://www.bia.gov/bia/ojs, contained the language quoted in paragraph 12.

Defendants deny Paragraph 12 fully or accurately characterizes the OJS Acting

Deputy Bureau Director's successor's authority and responsibilities.

JURISDICTION

13.     The allegations in Paragraph 13 constitute Plaintiff's characterization

of this lawsuit and derivative legal conclusions about subject matter jurisdiction.

Defendants deny the Court possesses jurisdiction under the cited authorities, none

of which create a valid and applicable statutory cause of action.

14.     In response to Paragraph 14, Defendants deny Plaintiff can exploit the

waiver of sovereign immunity at 5 U.S.C. §702, as they fail to state a valid

Administrative Procedure Act (APA) claim.

VENUE

15.     In response to Paragraph 15, for all non-monetary claims where the

Court has subject matter jurisdiction, venue is appropriate in the Billings division.

Otherwise, Defendants deny paragraph 15.

## APPLICABLE LAW

### Breach of Trust

16.     The allegations in Paragraph 16 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the cited cases contain the quoted language, but deny any derivative conclusion as an incomplete statement of law.

17.     The allegations in Paragraph 17 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants admit the cited case contains the quoted language, but deny any derivative conclusion as an incomplete statement of law.

### Indian Country Law Enforcement

19.     Defendants admit a trust relationship between the United States and the Tribe but deny Paragraph 19 is a complete statement of the bases for that trust relationship or any potential fiduciary duties.

20.     The Treaty of Fort Laramie with the Northern Cheyenne and Northern Arapaho, 15 Stat. 655 (May 10, 1868) speaks for itself and is the best evidence of

its contents.  To the extent a further response is required, Defendants admit

Paragraph 20 accurately quotes the referenced Treaty.

21.    The allegation in Paragraph 21 constitutes a legal conclusion to which

no response is required.  To the extent a response is required, Defendants deny

Paragraph 21 constitutes a complete or accurate statement of the law.

22.    The allegation in Paragraph 22 constitutes a legal conclusion to which

no response is required.  The Indian Law Enforcement Reform Act (ILERA), 25

U.S.C. § 2802, speaks for itself and is the best evidence of its contents.  To the

extent a response is required, Defendants deny Paragraph 22 accurately or

completely portrays § 2808.

23.    The Tribal Law and Order Act (TLOA), 25 U.S.C. § 2801, note,

speaks for itself and is the best evidence of its contents.  To the extent a further

response is required, Defendants deny Paragraph 23 accurately or completely

portrays the TLOA.

24.    The allegations in Paragraph 24 constitute legal conclusions to which

no response is required.  Senate Report 114-93 (2009) and the October 2009 letter

cited therein speak for themselves and are the best evidence of their contents.  To

the extent a response is required, Defendants deny Paragraph 24 accurately or

completely portrays the referenced legislative history.

25.     TLOA, 25 U.S.C. § 2801, note, speaks for itself and is the best evidence of its contents.  To the extent a further response is required, Defendants admit Paragraph 25 accurately quotes a part of TLOA, while denying the partial quote fully portrays the Act.

26.     The Indian Tribal Justice Support Act, 25 U.S.C. § 3601, speaks for itself and is the best evidence of its contents.  To the extent a further response is required, Defendants deny Paragraph 26 fully or accurately portrays § 3601.

27.     The Indian Country Crimes Act, 18 U.S.C. § 1152, speaks for itself and is the best evidence of its contents.  To the extent a further response is required, Defendants deny Paragraph 27 fully or accurately portrays § 1152.

28.     The Major Crimes Act, 18 U.S.C. § 1153, speaks for itself and is the best evidence of its contents.  To the extent a further response is required, Defendants deny Paragraph 28 fully or accurately portrays § 1153.

29.     The Snyder Act, 25 U.S.C. § 13, speaks for itself and is the best evidence of its contents.  To the extent a further response is required, Defendants deny Paragraph 29 fully or accurately portrays § 13.

30.     62 Fed. Reg. 15610 (Apr. 2, 1997) speaks for itself and is the best evidence of its contents.  To the extent a further response is required, Defendants

deny Paragraph 30 fully or accurately portrays the referenced Federal Register notice.

31.     25 C.F.R. §§ 12.1 and 12.12 speak for themselves and are the best evidence of their contents.  To the extent a further response is required, Defendants deny Paragraph 31 fully or accurately portrays the referenced regulations.

32.     62 Fed. Reg. 15610 (Apr. 2, 1997) speaks for itself and is the best evidence of its contents.  To the extent a further response is required, Defendants deny Paragraph 32 fully or accurately depicts the referenced Federal Register notice.

33.-35. The allegations in Paragraphs 33-35 constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraphs 33-35 as vague and incomplete statements of the law.

36.     The allegation in Paragraph 36 constitutes a legal conclusion to which no response is required.  Defendants admit a trust relationship between the United States and the Tribes and admit the *Cobell* decision contains the quoted language. To the extent a further response is required, Defendants deny the allegations in Paragraph 36 as vague and incomplete statements of the law.

9

## ALLEGATIONS

### The Tribe and Its Reservation

37.     Defendants admit the allegations in Paragraph 37.

38.     The Executive Order dated November 26, 1884, and Northern

Cheyenne Allotment Act, 44 Stat. 690 (Jun. 3, 1926), speak for themselves and are

the best evidence of their contents.  To the extent a further response is required,

Defendants deny Paragraph 38 fully or accurately depicts the purposes or means of

the Executive Order or Act.

39.-40. Defendants admit Paragraphs 39-40.

41.     The allegations in Paragraph 41 purport to portray Tribal interests and

are vague and ambiguous.  Defendants lack sufficient knowledge or information to

form a belief regarding the truth of the allegations, and therefore deny such

allegations.

42.     Defendants lack sufficient knowledge or information to form a belief

regarding the truth of the allegations in Paragraph 42, and therefore deny such

allegations.

43.-44. Defendants lack sufficient knowledge or information to form a belief

regarding the truth of the allegations in Paragraphs 43-44, and therefore deny such

allegations.

10

<u>The Reservation's Criminal Justice System</u>

45.    In response to the first sentence of Paragraph 45, Defendants admit
state, federal, and Tribal authority are involved in law enforcement on the
Reservation.  Defendants otherwise lack sufficient information to confirm or deny
the first sentence, and therefore deny such allegations.  Defendants deny the
second sentence.  Defendants admit that OJS funds four field programs through
which it provides law enforcement services on the Northern Cheyenne
Reservation: uniformed patrol, criminal investigations,
dispatch/telecommunications, and corrections.

46.    Defendants deny OJS uniformed patrol officers serve as "Tribal
police."  Defendants admit OJS uniformed patrol responds to calls for service on
the Northern Cheyenne Reservation.  The remaining allegation in the first sentence
of Paragraph 46 is too vague and ambiguous to permit a response and Defendants
deny it on that basis.  Defendants admit the second sentence of Paragraph 46.

47.    Defendants admit OJS uniformed patrol officers enforce both federal
law and the Northern Cheyenne Law and Order Code on the Northern Cheyenne
Reservation.  Defendants deny the second sentence of Paragraph 47.  Defendants
lack sufficient knowledge and information to form a belief regarding the truth of
the allegations in the third sentence of Paragraph 47 and therefore deny such

11

allegations.  The allegations in the fourth sentence of Paragraph 47 constitute a legal conclusion to which no response is required; to the extent a response is required, Defendants deny the allegations.

48.     The first sentence of Paragraph 48 constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegation is a complete statement of the law.  Defendants admit the second sentence of Paragraph 48.

49.     Defendants admit OJS funded, employed, and managed criminal investigators on the Northern Cheyenne Reservation until December 3, 2021.

50.     Defendants admit that on November 24, 2021, OJS and the Tribe executed the Indian Self-Determination and Education Assistance Act (ISDEAA), 25 U.S.C. § 5301, *et seq.*, Contract No. A22AV00387, whereby the Tribe assumed and began operating the criminal investigations program through Northern Cheyenne Investigative Services (NCIS).  Defendants admit that, on December 15, 2020, the Tribe filed suit against OJS in *Northern Cheyenne Tribe v. United States, et al.,* No. 20-cv-00183 (D. Mont.) challenging OJS' partial declination of the Tribe's ISDEAA contract proposal for the criminal investigations program.  The remaining allegations in the second and third sentences of Paragraph 50 constitute Plaintiff's characterization of its prior lawsuit and settlement, which Defendants

deny to the extent inconsistent with the pleadings and settlement agreement therein.  Defendants deny for lack of knowledge whether settlement was sufficient to implement what the Tribe would consider a "quality, professional criminal investigation unit."  Defendants admit that OJS funds the criminal investigations program and that the Tribe has operated the program since December 3, 2021.

51.    Defendants admit that OJS administers the uniformed patrol, dispatch/telecommunications, and corrections programs on the Northern Cheyenne Reservation on a direct-service basis.

52.    Defendants admit that the OJS Missing and Murdered Unit (MMU) and OJS Division of Drug Enforcement (DDE) are central office (e.g., national-level) programs that fund MMU Agent and DDE Special Agent positions, respectively.  In response to the second sentence, Defendants admit national-level DDE Special Agents, who are not assigned to any individual Tribes, were not assigned to Northern Cheyenne, and that BIA declined Plaintiff's request to contract a DDE Special Agent position under ISDEAA.  Defendants deny the third sentence of Paragraph 52.  Defendants admit that MMU Agents are not specifically assigned to the Northern Cheyenne Reservation but deny the remaining allegations in Paragraph 52.

53.    Defendants deny the first sentence of Paragraph 53.  Defendants admit the remaining allegations in Paragraph 53.

### Defendants Fail to Fulfill the United States' Law Enforcement Obligations

54.    Paragraph 54 consists of a legal conclusion which requires no response.  To the extent a response is required, Defendants deny the allegations in Paragraph 54 are a complete and accurate statement of federal obligations under the law.

55.    Defendants deny the allegations in Paragraph 55.

56.    Defendants deny the first sentence of Paragraph 56.  Defendants deny the second sentence of Paragraph 56 for lack of knowledge of how Plaintiffs define "appropriate" or "staffing."

57.    Defendants deny the first and second sentences of Paragraph 57.  The OJS reports referenced in the third, fourth, fifth, and sixth sentences of Paragraph 57 speak for themselves and are the best evidence of their contents, and Defendants deny the allegations fully or accurately portray the reports.  Defendants deny the seventh sentence of Paragraph 57.

58.    The first sentence of Paragraph 58 characterizes OJS staffing turnover as "high," which term is too vague and subjective to enable Defendants to admit or

deny.  To the extent a response is required, Defendants deny the allegation.
Defendants admit the second sentence of Paragraph 58.

59.   Defendants deny Paragraph 59.

60.   Paragraph 60 alleges staffing limitations prevent officers from being
able to respond "appropriately" or to "adequately" discharge "necessary" law
enforcement functions, which terms are too vague and subjective to enable
Defendants to admit or deny.  To the extent a further response is required,
Defendants deny Paragraph 60.

61.   Defendants admit the first sentence of Paragraph 61.  The second
sentence of Paragraph 61 alleges 911 responses are "poor," which term is too
vague and subjective to enable Defendants to admit or deny.  To the extent a
further response is required, Defendants deny the second sentence.  Defendants
lack sufficient knowledge and information to form a belief regarding the truth of
the third sentence of Paragraph 61, and therefore deny such allegations.

62.   Defendants deny the first and second sentences of Paragraph 62.
Defendants lack sufficient knowledge and information to form a belief regarding
the truth of the allegation in the third sentence of Paragraph 62, and therefore deny
such allegations.

63.   Defendants deny Paragraph 63.

15

64.     Defendants deny Paragraph 64 is a complete or accurate statement of facts.

65.     Defendants deny the first sentence of Paragraph 65.  Defendants admit the second, third, and fourth sentences of Paragraph 65.  The OJS letter to Plaintiff dated February 1, 2022, speaks for itself and is the best evidence of its contents. Defendants deny Plaintiff's recap fully or accurately portrays the referenced letter.

66.     Defendants deny the first, third, fourth, and fifth sentences of Paragraph 66.  Defendants lack information sufficient to confirm or deny the second sentence of Paragraph 66, and therefore deny the sentence.

67.     Defendants admit the first and second sentences of Paragraph 67. Defendants lack sufficient knowledge and information to form a belief regarding the truth of the third and fourth sentences of Paragraph 67, and therefore deny those sentences.

68.     Defendants deny the first sentence of Paragraph 68 for lack of knowledge whether RMRDF is "not well located."  Defendants admit the second sentence of Paragraph 68.

69.     Defendants admit the first sentence of Paragraph 69.  Defendants admit it is approximately 2,000 miles roundtrip from Lame Deer, Montana to Kay

County, Oklahoma.  Defendants otherwise deny the second sentence of Paragraph 69.

70.     Defendants admit the first and third sentences of Paragraph 70. Defendants deny the second sentence of Paragraph 70.  Defendants lack knowledge to confirm or deny the fourth sentence of Paragraph 70, and therefore deny the sentence.  Defendants deny that inmates in contract facilities are unable to participate in the Healing-to-Wellness Program.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the fifth sentence of Paragraph 70, and therefore deny such allegations.

71.     Defendants admit there are approximately 1,000 open warrants on the Northern Cheyenne Reservation.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegation in the first sentence in Paragraph 71, and therefore deny such allegation.  Defendants deny the second sentence of Paragraph 71 is an accurate or complete statement of the facts.

72.     In response to the first sentence of Paragraph 72, Defendants deny the federal system is failing, and otherwise deny the intent of Tribal Actions for lack of knowledge.  In response to the second sentence, Defendants admit BIA-OJS delegated the criminal investigative function to the Tribe pursuant to a 638 contract.  Defendants otherwise deny the second sentence.

17

73.     Defendants admit the Tribe hired two former OJS patrol officers to work for NCIS.  Defendants admit NCIS staffed Tribal COVID-19 checkpoints. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 73, and therefore deny such allegations.

74.     Plaintiff's May 10, 2022 letter to the Assistant Secretary – Indian Affairs speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants admit Paragraph 74 accurately recaps the letter.

75.     Defendants admit that DOI had not responded to Plaintiff's May 10, 2022 letter when Plaintiff filed the complaint.

76.     Defendants deny Paragraph 76.

<u>CLAIM I: DECLARATORY RELIEF</u>

1.     Defendants incorporate the responses to Paragraphs 1 through 76 above by reference.

2.     Defendants deny the allegations in Paragraph 2 of Claim I.

3.     Paragraph 3 of Claim I consists of legal conclusions which require no response.  The Treaty of Fort Laramie, 15 Stat. 655 (May 10, 1868) speaks for itself and is the best evidence of its contents.  To the extent a response is required,

Defendants deny Paragraph 3 of Claim I fully or accurately portrays the nature or existence of duties under the Treaty.

4.      Defendants deny the allegations in Paragraph 4 of Claim I.

5.      Paragraph 5 of Claim I constitutes Plaintiff's request for relief to which no response is required.  To the extent a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## CLAIM II: MANDAMUS RELIEF

1.      Defendants incorporate the responses to Paragraphs 1 through 76 above by reference.

2.      Defendants deny the allegations in Paragraph 2 of Claim II.

3.      Defendants deny the allegations in Paragraph 3 of Claim II.

4.      Defendants deny the allegations in Paragraph 4 of Claim II.

5.      The allegation in Paragraph 5 of Claim II constitutes a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny Plaintiff is entitled to an administrative remedy, or any remedy.

## CLAIM III: INJUNCTIVE RELIEF

1.      Defendants incorporate the responses to Paragraphs 1 through 76 above by reference.

2.      Defendants deny the allegations in Paragraph 2 of Claim III.

3.      Defendants deny the allegations in Paragraph 3 of Claim III.

<u>CLAIM IV: EQUITABLE RELIEF</u>

1.      Defendants incorporate the responses to Paragraphs 1 through 76 above by reference.

2.      Defendants deny the allegations in Paragraph 2 of Claim IV.

3.      In response to Paragraph 3 of Claim IV, Defendants admit Plaintiff seeks the reimbursement and restitution, but denies Plaintiff is entitled to such relief or to any relief whatsoever.

<u>PRAYER FOR RELIEF</u>

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required.  To the extent that a response is required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

<u>DEFENDANTS' AFFIRMATIVE DEFENSES</u>

1.      Plaintiff fails to state a claim for which relief may be granted.

2.      The Court lacks subject matter jurisdiction over some or all of Plaintiff's claims.

3.      Plaintiff's claims are barred, in whole or in part, by the six-year statute of limitations set forth in 28 U.S.C. § 2401(a).

4.     Plaintiff failed to identify any treaty, statute, or regulation imposing

trust duties on the United States to maintain a certain level of law enforcement

staffing on the Northern Cheyenne Reservation; assign dedicated MMU or DDE

Agents to the Northern Cheyenne Reservation; operate a detention facility on the

Northern Cheyenne Reservation; maintain a certain number of beds in detention

facilities; keep all detained Northern Cheyenne inmates on the Northern Cheyenne

Reservation; or provide rehabilitative services to inmates.

5.     To the extent that Plaintiff asserts claims not cognizable under the

Administrative Procedure Act, 5 U.S.C. § 552, *et seq.*, there is no statute that

provides jurisdiction or a waiver of sovereign immunity for the claims set forth in

Paragraph 2 above.

6.     To the extent that Plaintiff seeks money damages for the breaches of

trust alleged, this Court lacks jurisdiction over its claims.  The U.S. Court of

Federal Claims has exclusive jurisdiction over claims against the United States

seeking damages in excess of $10,000.

7.     To the extent that the resolution of some or all of Plaintiff's claims is

dependent upon changes in Federal Government policy and/or an increase in DOI's

appropriations for Public Service & Justice, there is no justiciable controversy

before the Court under the political question doctrine.

Respectfully submitted this 1st day of September 2023.

JESSE LASLOVICH
United States Attorney

/s/ Randy J. Tanner
MARK STEGER SMITH
RANDY J. TANNER
Assistant U.S. Attorneys
Attorneys for Federal Defendants